

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
~~EASTERN~~ DIVISION
Northern

STANLEY SPITZER AND ROSE SPITZER   *
         Plaintiffs
                                *

vs.                             CIVIL ACTION NO. 2:99-CV-24-BO2

TRANS UNION LLC             *

         Defendant      *

### PETITION FOR REMOVAL

Defendant-Petitioner, Trans Union LLC (formerly Trans Union Corporation ("Trans Union"), respectfully states as follows:

    1.    On or about March 12, 1999, an action was commenced by Civil Summons against Trans Union in the General Court of Civil Justice, Superior Court Division, for Perquimans County, North Carolina captioned <u>Stanley Spitzer and Rose Spitzer v. Trans Union Corporation</u>, File No. 99-CV-531.

    2.    The Civil Summons was received by Trans Union on or after March 16, 1999. (Copies of the Summons and Complaint are attached hereto as Exhibits "A") No further proceedings have been had therein and the state court has taken no action.

    3.    The above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, USC §1441, in that the action alleges a violation of the Fair Credit Reporting Act, 15 USC §1681, <u>et seq</u>. and under whose provisions this Court has original jurisdiction without regard to the amount in controversy. <u>Rhea v. Amresco, Inc.</u>, 871 F.Supp. 283 (N.D.Tex. 1994) <u>Broom v. TRW Credit Data, et al.</u>, 732 F.Supp. 649 (E.D.Mich. 1990); <u>Sicinski v. Reliance Funding Corp.</u>, 461 F.Supp. 649 (S.D.N.Y. 1978) and <u>Haun v. Retail Credit Co.</u>, 420 F.Supp. 859 (W.D.Pa. 1976).

WHEREFORE, defendant respectfully requests that the action now pending against it in the General Court of Civil Justice, Superior Court Division, for Perquimans County, North Carolina, be removed to this Court.

MARION, SATZBERG, TRICHON
KOGAN & WERTHEIMER, P.C.

BY: *[signature]*
MARK E. KOGAN
BRUCE S. LUCKMAN
3000 MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA, PA  19103
(215) 575-7600
fax: (215)575-7640
Attorneys for Defendant
Trans Union LLC

LAW OFFICES OF KEITH A. WILLIAMS, P.A.

BY: *[signature]*
KEITH A. WILLIAMS
P.O. Box 1965
315 South Evans Street, Ste. 1
GREENVILLE, NC  27835
(252) 931-9362
fax: (252) 830-5155
LR 2.04 Counsel for Defendant
Trans Union LLC

Dated: April 14, 1999

# STATE OF NORTH CAROLINA

PERQUIMANS County

File No. 99CVS31

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| STANLEY SPITZER AND ROSE SPITZER | |
| Address | **CIVIL SUMMONS** |
| 46 HICKORY ST. | |
| City, State, Zip | |
| HERTFORD NC 27932 | G.S. 1A-1, Rules 3 |
| **VERSUS** | |
| Name Of Defendant(s) | ☐ Alias and Pluries Summons |
| TRANS UNION CORPORATION | |
| | Date Last Summons Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| TRANS UNION CORPORATION<br>MANAGING AGENT FOR TRANS UNION CORP.<br>760 WEST SPROUL ST<br>SPRINGFIELD, PA 19064 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued 3/12/99 | Time 3:30 ☐ AM ☒ PM |
|---|---|---|
| | Signature Cristy D. Stallings | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

| **RETURN OF SERVICE** | |
|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: | |

## DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-100, Side Two
Rev. 3/95

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
COUNTY OF PERQUIMANS                    SUPERIOR COURT DIVISION
                                        FILE NUMBER: 99CV531

STANLEY SPITZER and
ROSE SPITZER
    Plaintiff
vs.                                              COMPLAINT
TRANS UNION CORPORATION
    Defendant

Now comes the Plaintiffs complaining of the Defendant and alleges and says:

## STATEMENT OF FACTS

    Trans Union Corporation (hereinafter called Trans Union) is a Delaware corporation which is in the business of providing credit reports on consumers. The Plaintiff's are consumers. That on or about February of 1997, the Spitzers made application for a loan to refinance their home. The Spitzers at that time became aware that the Defendant was reporting incorrect information on their credit report and began to take steps to correct the information.

    Specifically, the information in question is that Trans Union is reporting that Security Pacific Finance as of June of 1993 is showing $65,000.00 charge off and an outstanding balance as of June of 1998 as $175,675.00. The facts of this matter are that in a dispute with Security Pacific Finance, Security Pacific Finance sought to foreclose on the residence of the Spitzers in 1993. The Plaintiff's filed for Chapter 13 Bankruptcy protection to stop the foreclosure. In June of 1994, the Supreme Court of the State of New York in case number 19419/92 vacated Security Pacific's claim. The dispute between the Plaintiff and Security Pacific Finance was settled and the account was marked paid in full. The Chapter 13 Bankruptcy was withdrawn without any creditor suffering any loss.

    Spitzers began contacting Trans Union concerning the misinformation. They repeatedly attempted to get the information regarding Security Pacific Finance stricken for being false. Trans Union replied with what appear to be computer generated form letters. Trans Union finally gave to Spitzers the address of Security Pacific Finance, the address that Trans Union said that they had used to verify the information. The letter was returned with a notation that Security Pacific Finance had moved four (4) years previous and was undeliverable. The other address given was also incorrect and the mail was returned as undeliverable.

## FIRST CAUSE OF ACTION

1. That the Plaintiffs are citizen and residents of Perquimans County, North Carolina.

2. That the Defendant is believed to be a Delaware corporation with its primary place of business in Chicago, Illinois and with offices in Springfield, Pennsylvania.

3. That the Defendant is a credit reporting service and provides information on consumers in North Carolina.

4. That the Defendant provides credit information on the Plaintiffs.

5. That the Plaintiffs are consumers.

6. That the Defendant is subject to the Fair Credit Reporting Act 15 U.S.C.1681 et seq.

7. That the Defendant has provided false and misleading information on their credit report of Plaintiff Stanley Spitzer.

8. That a report obtained by the Plaintiff from the Defendant in March of 1998, the Security Pacific Finance adverse report was not on the report.

9. In the report obtained by the Plaintiff from the Defendant on November 16, 1998 the adverse Security Pacific Finance information was back on the report.

10. That the Defendant has as recently as June of 1998 reported verification of Security Pacific accounts under number 14052798 which showed a balance of $175,675.00 and a charge off as a bad debt of $65,000.00 as of June 1993 and then just below that entry reported under number 1C737072687 a zero balance with a status of 60 days past due.

11. That the Defendant when the Plaintiff sought information regarding contacting Security Pacific Finance directly provided the Plaintiff with addresses which were not valid.

12. That the Defendant has refused to disclose to the Plaintiff how the Defendant "verified" the Security Pacific Finance information which is on its face contradictory and incorrect.

13. That the Defendant has consistently and wilfully obstructed, and impaired the Plaintiffs' ability to get their credit information corrected.

14. That the Defendant has failed to comply with the affirmative duty under 15 U.S.C. 1681(i) of the United States Code.

15. The Plaintiffs believe and therefore allege that the Defendant did not verify any information regarding the Security Pacific Finance account.

16. That the Defendants have carelessly and negligently handled information regarding the Plaintiffs and provided information that is false or misleading to the Plaintiffs.

17. That the actions of the Defendant has caused the Plaintiffs substantial anxiety, embarrassment and injury in that the Plaintiffs have been denied credit based upon the Defendant's credit report even though the Plaintiffs' credit history is good.

18. That the Plaintiffs bring this action in good faith having insufficient means to defray the costs of this action.

## SECOND CAUSE OF ACTION

19. The Plaintiffs incorporate by reference the allegations in the First Cause of Action

20. That the Defendants by their disregard of their duty to the Plaintiffs under 15 U.S.C. 1681 et seq. is negligent per se in inflicting emotional distress upon the Plaintiffs causing the Plaintiffs severe emotional strain.

21. That in the alternative the negligent actions of the Defendant are so egregious as to constitute the intentional infliction of emotional distress.

## THIRD CAUSE OF ACTION

22. That the Plaintiffs incorporate by reference the allegations in the First Cause of Action.

23. That the Defendant acts are in and affecting commerce.

24. That the actions of the Defendant were deceptive and unfair.

25. That the Plaintiffs have suffered substantial damage as the results of the Defendant's actions.

26. That the Defendant's actions constitute unfair and deceptive trade practices pursuant to NCGS 75-1.1 et seq.

27. That the Plaintiffs is entitled to treble damages and the costs of this action.

WHEREFORE THE PLAINTIFFS PRAY THE COURT:

1. That the Defendant be ordered to purge the Plaintiffs' credit report of Security Pacific Finance information.

2. That the Defendant be found in violation of the Fair Credit Reporting Act (15 U.S.C. 1681)

3. That the Defendant be found responsible for the negligent infliction of emotional distress of the Plaintiffs.

4. That the Defendant be found responsible for the intentional infliction of emotional distress of the Plaintiffs.

5. That the Plaintiffs recover from the Defendant a sum in excess of $10,000.00 for damages.

6. That the Plaintiffs recover from the Defendant the costs of this action.

7. That the damages awarded the Plaintiff be trebled pursuant to the Unfair and Deceptive Trade Practices Act (NCGS 75-1.1 et seq).

8. That the Plaintiff be awarded punitive damages in excess of $10,000.00

9. That this verified complaint be taken as an affidavit of the Plaintiffs

10. That all claims be tried by jury.

11. For such other and further relief as the Court may deem just and proper.

This the ___8___ day of _MARCH_, 1999.

_____
STANLEY SPITZER
46 Hickory Street
Hertford, NC 27944
(252) 426-1769

_____
ROSE SPITZER
46 Hickory Street
Hertford, NC 27944
(252) 426-1769

## VERIFICATION

Stanley Spitzer, being duly sworn says that the allegations contained in the foregoing pleading are true and correct to the best of his knowledge and those things of which he is informed are believed to be true.

    This the __8__ day of __March__, 19__99__

                                          _____

Subscribed and sworn before me this the __8__ day of __March__, 19__99__

_____    My commission expires: __Aug. 2 1999__
NOTARY PUBLIC


Rose Spitzer, being duly sworn says that the allegations contained in the foregoing pleading are true and correct to the best of her knowledge and those things of which she is informed are believed to be true.

    This the __8__ day of __March__, 19__99__

                                          _Rose Spitzer_

Subscribed and sworn before me this the __8__ day of __March__, 19__99__

_____    My commission expires: __Aug. 2 1999__
NOTARY PUBLIC

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
COUNTY OF PERQUIMANS  SUPERIOR COURT DIVISION
 FILE NUMBER: 99Cv531

STANLEY SPITZER and
ROSE SPITZER
    Plaintiff

vs.      FIRST SET OF INTERROGATORIES
 and REQUEST FOR PRODUCTION
 OF DOCUMENTS

TRANS UNION CORPORATION
    Defendant

TO: Trans Union Corporation

    I herewith serve upon you the following written interrogatories and request for production of documents under the provisions of Rule 33 and 34 of the North Carolina Rules of Civil Procedure.

    You are required to answer these interrogatories separately and fully in writing, under oath, and to serve a copy of your answers on the undersigned thirty (30) days after service hereof or within forty-five (45) days after service of Summons and Complaint.

    These interrogatories shall be continuing in nature until the date of trial and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26(e) of the North Carolina Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and the Request for Production of Documents also served herewith, the following definitions and instructions shall apply:

    a.    As used herein, the terms "you", "your", or "yourself" refer to Defendant each of their agents, representatives, and attorneys, and each person acting or purporting to act on their behalf.

    b.    As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

    c.    As used herein, the terms "identification", "identify", or "identity", when used in reference to:

i. a natural individual requires you to state his or her full name and residential and business addresses, and his or her present or last known residence and business telephone numbers;

ii. a corporation requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the addresses of all of its offices in North Carolina;

iii. a business requires you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate, and control the business;

iv. a document requires you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian;

v. a communication requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and to the extent that the communication was nonwritten, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

d. With respect to each interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and your answer thereto. If any or all documents identified herein are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document:

i. describe the nature of the document (e.g., letter or memorandum);

ii. state the date of the document;

iii. identify the persons who sent and received the original and a copy of the document;

iv. state in as much detail as possible the contents of the document; and

v. state the manner and date of disposition of the document.

e. If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other grounds, then do the following with respect to each and every document:

   i. describe the nature of the document (e.g., letter or memorandum);

   ii. state the date of the document;

   iii. identify the persons who sent and received the original and a copy of the document;

   iv. state the subject matter of the document; and

   v. state the basis upon which you contend you are entitled to withhold the document from production.

f. When an interrogatory requires you to "state the basis of" a particular claim, contention, or allegation, state in you're the identity of each and every communication and each and every legal theory that you think supports, refers to, or evidences such claim, contention, or allegation.

g. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or mode of conveying information, including but not limited to telephone, television, or telegraph.

h. As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control.

i. As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and."

j.  With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

k.  When these interrogatories request information which was furnished in response to a previous interrogatory, such information need not be restated, and it is sufficient to identify by number the previous answer which contains the information requested.

1.  Give the full name, address, and telephone number of Trans Union Corporation and the name address and telephone number of the party or individual or firm where all further communication between the Plaintiff and Defendant shall be directed.

2.  Give the name, address and telephone number as well as the occupation and position with the Defendant of each and every person who is answering these interrogatories and identify each interrogatory that person has answered.

3.  Give the name address and telephone number of each and every person who has worked on or supervised work upon the Plaintiff's credit files in the past two years.

4.  Give the name, address and telephone number for Security Pacific Finance and

Security Pacific Realty Corporation that you used in contacting Security Pacific Finance and Security Pacific Realty Corporation regarding the Plaintiff's credit file in the past 3 years.

5. List the name, address and telephone number of every person with Security Pacific Finance and Security Pacific Realty Corporation that you have had any contact with in the past 3 years regarding the Plaintiff's credit files.

6. List the name, address, telephone number and position with your corporation of each and every person who has had any communication with the Plaintiffs in any form including but not limited to telephone calls and letters in the past 3 years.

7. The name, address, telephone number and position of each and every person who is likely to represent the Defendant in a deposition in this litigation.

# REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiffs serve upon you the following request for production of documents in the possession, custody or control of the Defendant pursuant to Rule 34 of the North Carolina Rules of Civil Procedure. You are requested to produce and permit the Plaintiffs or someone acting in their behalf to inspect and copy the documents requested herein. The inspection and copying shall be done at the office of the Clerk of the Superior Court of Perquimans County, North Carolina on May 7, 1999 at One O'clock PM or at such other time and place as the parties may agree.

1. Any and all documents, memorandums, recordings, notes or any other thing pertaining to or relating to the Plaintiffs individually or jointly including but not limited to any computer generated information regarding or pertaining to the Plaintiffs as well as any information or document referring to the Plaintiffs by name.

2. Any training material, manuals, policy manuals, procedure manuals or documents which in any way set forth or implement or guide or instruct the Defendant or its employees in handling credit investigation, resolving disputed credit information, complying with the Fair Credit Reporting Act or otherwise would relate to, govern or control the Defendant's handling of the Plaintiffs' credit information.

3. Any document, list or protocol however generated relating to obtaining information from Security Pacific Finance or Security Pacific Realty Corporation, their agents or subsidiaries or assigns.

This the _8_ day of _March_____, 1999

_____
Stanley Spitzer, for the Plaintiffs
46 Hickory Street
Hertford, NC 27944

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, he placed a copy of the foregoing document in the first class United States mail in a postpaid, properly addressed wrapper, sent to the following name and address:

Stanley and Rose Spitzer
46 Hickory Street
Hertford, NC 27932

This the __14__ day of April, 1999.

LAW OFFICES OF KEITH A. WILLIAMS, P.A.

By: _____
KEITH A. WILLIAMS
315 South Evans Street, Suite 1
P.O. Box 1965
Greenville, NC 27835
Phone: 252/931-9362
Fax: 252/830-5155
LR 2.04 Counsel for Defendant Trans Union LLC